***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted January 25, affirmed February 23, petitions for review denied
June 1, 2023 (371 Or 127)

In the Matter of K. E.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. E.
and K. E.,
*Appellants.*

Clackamas County Circuit Court
20JU05406; A179366

Todd L. Van Rysselberghe, Judge.

G. Aron Perez-Selsky filed the brief for appellant mother.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant father.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In this juvenile dependency case, both father and mother appeal a permanency judgment in which the juvenile court changed the permanency plan for their 12-year-old daughter, K, from reunification to durable guardianship. Father raises two assignments of error, challenging the court's determination that the Department of Human Services (DHS) made reasonable efforts toward reunification and the change of plan. Mother raises a single assignment of error, challenging the court's determination that mother made insufficient progress for K to be returned to her care. We affirm.

K was removed from parents' home in September 2020, dependency jurisdiction was established in December 2020, and the permanency hearing at issue was held in July 2022. When the plan at the time of a permanency hearing is reunification (as it was here), and DHS proposes that the plan be changed away from reunification, the juvenile court is authorized to change the plan only if DHS proves that (1) DHS made reasonable efforts toward reunification; and (2) notwithstanding those efforts, the parents' progress was insufficient to make reunification possible. ORS 419B.476 (2)(a); *Dept. of Human Services v. A. S.*, 278 Or App 493, 500, 380 P3d 319 (2016). The juvenile court made both determinations in this case before it changed K's permanency plan.

We are "bound by the juvenile court's factual findings as to what efforts DHS has made, so long as there is any evidence in the record to support them," but the ultimate determination whether DHS made "reasonable efforts" is a legal conclusion that we review for errors of law. *Dept. of Human Services v. K. G. T.*, 306 Or App 368, 370, 473 P3d 131 (2020) (findings); *Dept. of Human Services v. V. A. R.*, 301 Or App 565, 567, 456 P3d 681 (2019) (reasonable-efforts determination). The determination of the sufficiency of a parent's progress also is a legal conclusion reviewed for errors of law. *Dept. of Human Services v. G. N.*, 263 Or App 287, 294, 328 P3d 728, *rev den*, 356 Or 638 (2014).

*Reasonable efforts (father).* With respect to reasonable efforts, the question before the juvenile court was

whether DHS made reasonable efforts "to make it possible for [K] to safely return home." ORS 419B.476(2)(a). Reasonable efforts are those that give parents "a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Dept. of Human Services v. L. L. S.*, 290 Or App 132, 138, 413 P3d 1005 (2018) (internal quotation marks omitted). Whether DHS's efforts were reasonable in a particular case "depends on the totality of circumstances of the parent and child." *Dept. of Human Services v. D. M.*, 310 Or App 171, 183, 483 P3d 1248 (2021).

Father and DHS paint very different pictures of the efforts that DHS made toward reunification. Having considered the parties' arguments and reviewed the record with the standard of review in mind, we conclude that the juvenile court did not commit legal error when it determined that DHS made reasonable efforts toward reunification. We therefore reject father's first assignment of error and, by extension, his second assignment of error.

*Insufficient progress (mother)*. At the time of the permanency hearing, mother had made some progress toward reunification, as the juvenile court acknowledged. However, having reviewed the record, we conclude that the juvenile court did not commit legal error by determining that mother's progress was insufficient to return K to her care. We therefore reject mother's assignment of error.

Affirmed.